UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE MAINOR ALEXANDER
SANCHEZ-CRUZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

Case No.: 26-CV-3226 JLS (DDL)

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Jose Mainor Alexander Sanchez-Cruz's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 4). Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. ¶ 55. Petitioner alleges that he was previously released from custody on his own recognizance in May 2021, re-detained by ICE in 2025, wrongfully deported, ordered returned to the United States by District Judge Mark A. Goldsmith in the Eastern District of Michigan, and detained by ICE again upon his re-entry at the San Ysidro Port of Entry. *Id.* ¶¶ 42–56. Petitioner alleges that his re-detention violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 66–74.

1

Respondents state that Petitioner is subject to mandatory detention under § 1225(b)(2) or § 1226(a); however, Respondent "acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." Ret. at 2 (collecting cases). Respondents therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." *Id.* at 3. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by June 11, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 4, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-3226 JLS (DDL)